CASE 87—EQUITY—OCTOBER 19, 1882.

## Scott, &c., v. Means, &c.

APPEAL FROM BOYD CIRCUIT COURT.

1. The mere existence of a controversy in regard to a boundary of land will not furnish ground for equity jurisdiction. There must be some peculiar case appealing to the chancellor, or the party will be remitted to his legal remedy.

2. A petition averring that defendants have trespassed upon plaintiffs' land and slandered his title does not give a court of equity jurisdiction. The remedy is purely legal.

3. A petition to quiet title must be preceded by the establishment of plaintiffs' title at law.

JOHN & J. W. RODMAN AND K. F. PRITCHARD FOR APPELLANTS.

There is no averment in appellees' petition that there is any controversy between appellees and appellants in regard to the boundary line between them. The averments made are neither sufficient at law nor equity to afford relief. A court of law cannot fix a boundary between litigants unless possession be claimed, and equity will not do it in the absence of the necessary allegations.

L. T. MOORE AND W. H. WADSWORTH FOR APPELLEES.

1. Even though this action was only triable at law, the finding of the court on the facts has the force of a verdict of a jury. (12 Bush, 469.)

2. When the evidence is ample to sustain the finding, the court will not enter into a minute examination to see where the weight of evidence is. (Varble v. Bigley, 14 Bush, 698.)

3. The petition contains all the necessary averments to give jurisdiction to a court of equity, and the demurrer was properly overruled. If the case was not triable in equity, a motion to transfer to a court of law might have been made, but was not made.

CHIEF JUSTICE HARGIS DELIVERED THE OPINION OF THE COURT.

This was an action in equity for the purpose of ascertaining the boundary and quieting the title to certain lands which the appellees, who were plaintiffs in the court below, allege belong to them.

The petition described the chain of paper title under which the plaintiffs assert their title to exist, alleges that

they are in legal possession of the lands to the extent of the patent boundaries, and that the defendants are constantly encroaching upon the boundary and possession of the plaintiffs, and devastating the timber, and are insolvent.

They pray for an injunction against defendants, restraining them from committing any other trespasses upon the land; that the lines be made *definite* and *certain*, and plaintiffs quieted in their title and possession.

To the petition the defendants filed a demurrer, which the court overruled.

The petition is in the nature of a bill to fix a controverted boundary, and of a bill of peace.

The mere existence of a controversy about a boundary will not furnish ground for the exercise of the jurisdiction of a court of equity. There must be some peculiar equity superinduced, or in such a case the party will be left to the law for redress.

The petition does not disclose that there is a controversy between the parties as to the location of the boundary. It simply alleges that the defendants have trespassed upon their lands, and slandered their title, and failing to allege any equitable consideration, or to seek damages for the alleged trespass, or to recover the possession of the land, the petition did not state a cause of action within the equitable jurisdiction of the court. Nor can it be sustained as a bill of peace, as that must be preceded by the establishment of the right or title at law. It is manifest from the petition that the whole object of the plaintiffs was to fix a certain line as the boundary between the parties, so that the future benefit of such a decree could be realized in actions for trespass or ejectment wherein the title or the title and possession would be involved.

As the petition states no cause of action which is em-braced by the exclusive or concurrent jurisdiction of a court of equity before the adoption of our Code, we are led to consider whether it states any cause of action at law.

The judgment of the circuit court aptly illustrates the inconsistency which legally exists between the alleged facts set forth in the petition and the relief sought by the plaint-iffs.

That judgment decrees that the boundary between the parties is at a certain place specified by processioners, per-petuates the injunction, and gives costs.

The judgment perpetuating the injunction is merely an ancillary part of the relief prayed by the plaintiffs, and does not strengthen the cause of action or render harmonious the relief sought and the facts stated in the petition.

The cost is incidental to the judgment; so that the relief prayed and the relief granted expose the true object of the plaintiffs' suit, and rest without any support, either at law or in equity.

They are without foundation at law, because courts of law cannot render a judgment establishing boundary unless damage or possession be sought; and they have have no support in equity, because there is no equity alleged in the petition.

The controversy developed by the record between the parties could be settled by a single action at law, and they should have been required to pursue the remedies of that branch of jurisprudence.

Wherefore, the judgment is reversed, and cause remanded, with directions to sustain the demurrer, and for such further proceedings as may be sought by the parties not inconsistent with this opinion.